IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| MARILYN BELTON,           )<br>                           )<br>     Plaintiff,          )<br>                           )    CIVIL ACTION NO.<br>     v.                    )      3:10cv814-MHT<br>                           )           (WO)<br>RUSSELL COUNTY BOARD OF    )<br>EDUCATION, et al.,         )<br>                           )<br>     Defendants.           ) | |

ORDER

It is ORDERED that plaintiff is allowed until October 29, 2010, to file an amended complaint that is not a "shotgun" or "kitchen sink" complaint.

***

Plaintiff's "complaint is a model 'shotgun' pleading of the sort [the Eleventh Circuit of Appeals] has been roundly, repeatedly, and consistently condemning for years. Davis v. Coca-Cola Bottling Co., Consolidated, 516 F.3d 955, 979 (11th Cir. 2008). Plaintiff's counsel is therefore required to amend the complaint to cure this serious defect; otherwise, at the end of this litigation,

the court, either sua sponte or at the request of defendants, will entertain sanctions (including attorney's fees incurred by counsel for defendants), pursuant to Rule 11 of the Federal Rules of Civil Procedure or some other appropriate basis, to be imposed against <u>counsel</u> for plaintiff to the extent such sanctions are warranted as a result of the plaintiff's pursuit of a shotgun pleading, rather than narrowing her complaint to the significant claims that are really at issue.  See <u>Bailey v. Janssen Pharmaceutica, Inc.</u>, 288 Fed. Appx. 597, 603 (11th Cir. 2008) ("if a party fails to heed the court's direction to revise a shotgun complaint, under some circumstances a dismissal <u>and sanctions</u> might be appropriate") (emphasis added).

As the Eleventh Circuit has explained, "The unacceptable consequences of shotgun pleading are many." <u>Davis</u>, 516 F.3d at 981.  "First, and perhaps foremost, shotgun pleading inexorably broadens the scope of discovery, much of which may be unnecessary." <u>Id</u>.  As the appellate court has observed,

> "Litigating a case framed by shotgun pleadings obviously harms one or both of the parties. Why, then, would a lawyer engage in shotgun pleading? Plaintiffs file shotgun complaints and include frivolous claims to extort the settlement of a meritorious claim; worse yet, they file shotgun complaints to extort the settlement of unmeritorious claims. ... Extortion cuts both ways. Depending on his financial resources, a defendant may use a shotgun answer to obtain a settlement that waters down a meritorious claim. In either situation, the extorted settlement provides a financial benefit to the 'prevailing' party and a windfall in the form of fees for the 'prevailing' lawyer."

Byrne v. Nezhat, 261 F.3d 1075, 1130 (11th Cir. 2001) (footnotes omitted).

"Second, in addition to delaying a just disposition of the case at the undue expense of one or both of the parties, shotgun pleadings ... lessen the time and resources the court has available to reach and dispose of the cases and the litigants waiting to be heard." Davis, 516 F.3d at 982. As the Eleventh Circuit has further explained,

> "Shotgun pleadings delay cases by: 'Wasting scarce judicial and parajudicial resources imped[ing] the

3

>     due administration of justice, and, in
>     a very real sense, amount to obstruction
>     of justice.  Although obstruction of
>     justice is typically discussed in the
>     context of criminal contempt, the
>     concept informs the rules of law-both
>     substantive and procedural-that have
>     been devised to protect the courts and
>     litigants (and therefore the public)
>     from abusive litigation tactics, like
>     shotgun pleadings. If use of an abusive
>     tactic is deliberate and actually
>     impedes the orderly litigation of the
>     case, to wit: obstructs justice, the
>     perpetrator could be cited for criminal
>     contempt.'"

Davis, 516 F.3d at 982 n.66 (quoting Byrne, 261 F.3d at 1131-32) (alteration, quotation, and citation omitted)).

Finally, "the mischief shotgun pleadings cause[] undermines the public's respect for the courts--the ability of courts to process efficiently, economically, and fairly the business placed before them." Id. at 983.

DONE, this the 12th day of October, 2010.

            /s/ Myron H. Thompson
        UNITED STATES DISTRICT JUDGE