IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| MARILYN BELTON, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 3:10cv814-MHT |
| | ) | (WO) |
| RUSSELL COUNTY BOARD OF | ) | |
| EDUCATION, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

OPINION AND ORDER

Plaintiff Marilyn Belton filed this lawsuit against defendants Russell County Board of Education, Lillian Baker, Marcia Johnson, and Mesha Ramsey, asserting numerous federal and state claims.  She charges discrimination and retaliation under 42 U.S.C. § 1981 (by and through 42 U.S.C. § 1983) and Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e to 2000e-17), as well as violations of the Age Discrimination Act of 1975 (42 U.S.C. §§ 6101-6107) and procedural due process violations under the First, Fifth, and Fourteenth

Amendments (as enforced through 42 U.S.C. § 1983). Belton's state claims are under the Alabama Teacher Tenure Law (1975 Ala. Code §§ 16-24-1 through 16-24-22, 16-24-60 through 16-24-68) and for harassment, intentional infliction of emotional distress, outrage, tortious interference with contract rights, and breach of contract under Alabama common law. Belton has sued Baker, Johnson, and Ramsey in their individual capacities.

The case is now before the court on Baker, Johnson, and Ramsey's motion, brought pursuant to Rule 12(b)(4) and (5) of the Federal Rules of Civil Procedure, to quash service upon them for insufficient service of process. For the reasons that follow, the motion will be granted.

Rule 4(e) of the Federal Rules of Civil Procedure describes the process of serving an individual defendant. Under this rule, an individual may be served by:

> "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

> "(2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

Fed. R. Civ. P. 4(e). Belton has not served Baker, Johnson, and Ramsey through one of these methods. Instead, Belton has attempted service by mailing the complaint to each of them separately but in care of Sydney Smith, counsel for the Russell County Board of Education. While Baker, Johnson, and Ramsey are employees of the school board, Smith is not authorized to accept service of process on individual employees who are sued in their individual capacities. See Fed. R. Civ. P. 4(e)(2)(C). As a result, Belton's service on Baker, Johnson, and Ramsey is improper and must be quashed.

Finally, Belton seeks an equitable bar prohibiting Smith from later representing Baker, Johnson, and Ramsey.

3

She argues that Smith's refusal to accept service for them now should estop Smith from representing them later. Belton cites no law to support this argument, nor does the argument have any merit otherwise.  Indeed, with her equitable bar argument, Belton is trying to force Baker, Johnson, and Ramsey into forgoing the requirements for service of process set forth in Rule 4(e) if they should want to retain Smith later.  The culprits here are Belton and her attorney, for they are the ones who failed to comply with Rule 4(e).   The court will not allow Belton and her attorney to turn Baker, Johnson, Ramsey, and Smith into the culprits.

\* \* \*

Accordingly, for the foregoing reasons, it is the ORDER, JUDGMENT, and DECREE of the court that defendants Lillian Baker, Marcia Johnson, and Mesha Ramsey's motion to quash service upon them (doc. no. 7) is granted. Plaintiff Marilyn Belton is allowed until November 30,

2010, to perfect service of process on defendants Baker, Johnson, and Ramsey.

DONE, this the 16th day of November, 2010.

                            /s/ Myron H. Thompson
                            UNITED STATES DISTRICT JUDGE