IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| MARILYN BELTON,            ) | |
| ) | |
|     Plaintiff,           ) | |
| ) | CIVIL ACTION NO. |
|     v.                  ) | 3:10cv814-MHT |
| ) | (WO) |
| RUSSELL COUNTY BOARD OF    ) | |
| EDUCATION, et al.,         ) | |
| ) | |
|     Defendants.         ) | |

OPINION AND ORDER

This cause is now before the court on the United States Magistrate Judge's recommendation for dismissal of some of the plaintiff's retaliation claims and for summary judgment on all of the plaintiff's other claims. After an independent and de novo review of the record, the recommendation will be rejected in part and adopted in part.

As to the retaliation claims, the magistrate judge appears to have divided them into two groups: Group I ("the § 1983/1981 retaliation claims asserted against all defendants and the Title VII retaliation claim asserted

against the Board in Count IV of the Second Amended Complaint", Recommendation (doc. no. 95) at 20-21), and Group II (all the other retaliation claims).  As to the Group I retaliation claims, the magistrate judge notes that, while the defendants did not move for summary judgment on them (probably because, due to the extremely poor drafting of the amended complaint by plaintiff's former lawyer, Connie Morrow, it was unclear that they were even pled), they should still be dismissed because of plaintiff's former lawyer's "failure to comply with the [court]'s specific directives regarding the manner in which plaintiff was to amend her complaint."  Recommendation (doc. no. 95) at 21.  However, the order setting forth the "directives" stated that, "if plaintiff ... fails to comply fully with this order ..., sanctions will be imposed against her attorney."  Order (doc. no. 37) at 3 (emphasis added).  The order did not provide for sanctions (including dismissal of claims) against plaintiff herself.  The court will therefore reject the

2

magistrate judge's recommendation that the Group I retaliation claims be dismissed.

The court, however, does not think that it should proceed to trial on the Group I retaliation claims at this time. The defendants' failure to move for summary judgment on them was reasonable, for it was unclear that the amended complaint pled them. The defendants should, therefore, now be given an opportunity to seek summary judgment on these claims as well. The court will remand the Group I retaliation claims back to the magistrate judge, with the defendants to be given a reasonable opportunity to file a motion for summary judgment on them and with the magistrate judge then to proceed to consider the summary-judgment motion in the normal fashion after giving the plaintiff an opportunity to respond to the motion.

As to all the remaining claims (including the Group II retaliation claims), the court concludes, for a number of reason, that the magistrate judge's recommendation

3

should be adopted and the defendants' motions for summary judgment granted on all these claims.  First, the plaintiff, now proceeding pro se, was given an opportunity to respond (including detailed information on what steps to take) to the summary-judgment motions but she failed to submit any evidence in opposition.  Second, although the magistrate judge's recommendation expressly stated that she had until a date certain to file objections to the recommendation, she again failed to act in a timely manner.  Admittedly at the pretrial conference held on June 7, 2012, the plaintiff attempted to present to the court a bundle of documents in opposition to defendants' summary-judgment motions and to the magistrate judge's recommendation.  However, these documents come much too late and will not be considered.  They should have been presented to the magistrate judge while she was considering the summary-judgment motions.  The plaintiff (a learned school teacher) offered a number of excuses for her failure to meet the earlier deadlines,

but the court does not credit them. In any event, it appears that the documents are mostly cumulative. In her deposition, which was a part of the defendants' summary-judgment motions, the plaintiff testified to most, if not all, of the information contained in the documents. Third and finally, the court fully agrees with the magistrate judge's recommendation as the remaining claims.

Before closing, the court will make one final observation. At the June 7 pretrial conference, the plaintiff stated that she had a disability-discrimination claim. There is not such claim in this case, either in her second amended complaint or otherwise.

***

Accordingly, it is ORDERED as follows:

(1) The United States Magistrate Judge's recommendation (Doc. No. 95) is rejected as to the dismissal of the plaintiff's "§ 1983/1981 retaliation claims asserted against all defendants and the Title VII

retaliation claim asserted against the Board in Count IV of the Second Amended Complaint." Recommendation (doc. no. 95) at 20-21. These claims are remanded back to the magistrate judge for consideration, with the defendants to be given a reasonable opportunity to move for summary judgment on them as set forth in this order.

(2) The United States Magistrate Judge's recommendation (Doc. No. 95) is adopted in all other respects.

(3) The defendants' motions for summary judgment (doc. nos. 70, 72, and 73) are granted as to all other claims, with summary judgment entered in favor of the defendants and against the plaintiff as to these claims and with the plaintiff taking nothing by her amended complaint as to these claims.

(4) The ONLY claims left in this case are the plaintiff's "§ 1983/1981 retaliation claims asserted against all defendants and the Title VII retaliation claim asserted against the Board in Count IV of the

Second Amended Complaint." Recommendation (doc. no. 95) at 20-21.

DONE, this the 8th day of June, 2012.

                                            /s/ Myron H. Thompson
                                     **UNITED STATES DISTRICT JUDGE**