IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARILYN BELTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:10CV814-MHT |
| ) | |
| RUSSELL COUNTY BOARD OF ) | |
| EDUCATION, et al., ) | |
| ) | |
| Defendants. ) | |

**SUPPLEMENT TO RECOMMENDATION OF THE MAGISTRATE JUDGE**

In an objection filed on August 13, 2012, plaintiff continues to rely on the documents she presented to the District Judge at the pretrial conference, arguing that those documents show "reasonable cause[.]" (Doc. # 117, p. 2, ¶ 1 and concluding paragraph).[1] Upon consideration of plaintiff's objection, and in order to clarify the record before the court in this matter, the undersigned supplements the recommendation entered on August 1, 2012, as

---

[1] In its recommendation entered in this matter on August 1, 2012, the court wrote:

> Plaintiff contends that "evidence with the events in chronological order was given to The Honorable Judge Myron H. Thompson & Circuit Court June 24, 2012 at the pretrial ... . It was done in the presence of all concern[ed] parties." (Doc. # 106, p. 5). However, in his order of June 8, 2012, Judge Thompson stated that while plaintiff had "attempted to present to the court a bundle of documents in opposition to defendants' summary-judgment motions and to the magistrate judge's recommendation[,]" *those documents would not be considered.* (Doc. # 98, p. 4). The documents plaintiff "attempted to present" to Judge Thompson are not in the record. Although she was given an opportunity to do so (see Doc. # 100), plaintiff did not file any evidence in opposition to the present motions for summary judgment.

(Doc. # 115, p. 18 n. 20) (emphasis added).

follows:

> In his order of June 8, 2012, the District Judge addressed the documents at issue:
>
> Admittedly at the pretrial conference held on June 7, 2012, the plaintiff attempted to present to the court a bundle of documents in opposition to defendants' summary-judgment motions and to the magistrate judge's recommendation. However, these documents come much too late and will not be considered. They should have been presented to the magistrate judge while she was considering the summary-judgment motions... . In any event, it appears that the documents are mostly cumulative. In her deposition, which was a part of the defendants' summary judgment motions, the plaintiff testified to most, if not all, of the information contained in the documents.

(Doc. # 98, pp. 4-5). Thus, the District Judge clearly advised plaintiff that the documents had not been presented at the appropriate time and would not be considered. While the Clerk of Court has maintained possession of the copies given to the District Judge at the pretrial conference, they are included in the court's docket only as an exhibit to the court's internal minutes of the proceedings. (Doc. # 96). There is no indication that these documents were served on counsel for the opposing parties, they cannot be accessed by defendants through the court's electronic filing system, and – despite plaintiff's continued reliance on them – they are not a part of the record before the court for consideration on the pending motions for summary judgment.

By its order entered on June 8, 2012, establishing the schedule for the present motions for summary judgment, the undersigned Magistrate Judge advised plaintiff – once again[2] –

---

[2] See Doc. # 82, order entered December 20, 2011 and Doc. # 87, order entered January 26, 2012 (the latter further advising plaintiff regarding how to file documents pertaining to the summary judgment motions with the Clerk of the Court, with service on counsel for the defendants).

of Rule 56 of the Federal Rules of Civil Procedure and the proper procedure for responding to the pending motions for summary judgment. (Doc. # 100). Despite the court's guidance and its warning that plaintiff's failure to comply with the requirements of Rule 56 regarding the proper way to oppose a motion for summary judgment might result in a recommendation that summary judgment be entered in defendants' favor, plaintiff not only failed to re-file the documents she presented at the pretrial conference in the manner required by Rule 56, she failed to file them at all in responding to the pending summary judgment motions. (See Doc. # 106).[3]

Additionally, the court notes that – with two exceptions – the documents (and the handwritten notes attached to some of them) that plaintiff gave to the District Judge are not in a form that could be considered on summary judgment. The two exceptions are: (a) plaintiff's sworn complaint to the Russell County Sheriff's office levying charges against a student who shoved Belton in the classroom; and (b) an affidavit addressed "To whom it may concern" signed by Emily Curry on April 21, 2007, in which Curry states, "I was terminated May 2005, from Russell County Middle School. I have an illness called Bipolar Disorder." Neither sworn statement is relevant to the recommended disposition of the

---

[3] Plaintiff attached documents to her August 13, 2012, objection (Doc. # 117), including copies of some of documents she gave to the District Judge at the pretrial conference. These documents were not filed within the time allowed by the court for plaintiff's response to the pending summary judgment motions (see Doc. # 100, allowing plaintiff until July 2, 2012) and the court declines to consider them now, several weeks after plaintiff's deadline. Even if it were to consider them, and even if the plaintiff had presented them in proper form, the court's recommendation for disposition of the pending motions would not change.

retaliation claims remaining before the court. The same is true of the other unsworn, unauthenticated documents in the "bundle of documents" plaintiff presented to the District Judge at the pretrial conference. Nothing in those documents – even if plaintiff had filed them in the record in proper form – would alter the court's analysis of defendants' pending motions for summary judgment.

Defendant Ramsey also objects to the court's recommendation of August 1, 2012. (See Doc. # 118).  Ramsey asks the District Judge to overrule the recommendation of the Magistrate Judge and to grant her motion for summary judgment in its entirety based on the evidentiary record already before the court.  She argues:

> Ramsey challenged the Plaintiff's ability to produce facts establishing causation by her Affidavit stating that the transfer was not made by her, but was made by the school principal which preceded her becoming principal in 2006.  The Recommendation acknowledged that the 'plaintiff did not file any evidence in opposition to the present motions for summary judgment. (Recommendation, p. 18, fn. 20)
>
> However, instead of accepting the facts stated in the uncontested Affidavit, the Recommendation searched the 'evidence of record' as allowed by FRCP 56(c)(3) and determined that evidence in the Record created a 'genuine issue of material fact regarding whether Ramsey was responsible for the challenged transfer decision. (Recommendation., p. 20)

(Doc. # 118, p. 2).[4]  Because the undersigned Magistrate Judge considered plaintiff's

---

[4] Contrary to Ramsey's suggestion, her affidavit testimony that she did not make the 2006 transfer decision – which is not "uncontested" as Ramsey claims but is disputed by plaintiff's deposition testimony – cannot be understood to raise an argument that plaintiff cannot prove retaliation because the transfer at issue was not causally related to plaintiff's EEOC charge.  As Ramsey acknowledges, the court's consideration of evidence of record not cited by the plaintiff is permitted expressly by Rule 56(c)(3).  (Doc. # 118, p. 2; Fed. R. Civ. P. 56(c)(3)).

deposition testimony – which was not filed or cited specifically by the *pro se* plaintiff – in concluding that there was a genuine dispute about whether Ramsey had made the alleged transfer decision (the only factual contention raised by Ramsey that was relevant to the pending retaliation claim), Ramsey suggests that the court should "enter summary judgment in her favor *without further proceedings*" (id.)(emphasis added) based on evidence of record not cited by Ramsey and grounds not asserted by Ramsey in her motion for summary judgment.[5] (Doc. # 118). She argues that, while her motion did not "cite the impossibility of the 2006 transfer being a retaliatory action for the 2007 EEOC charge" it is, nevertheless, "proper for the Court to consider the EEOC charge just as the Recommendation considered those matters of record not cited by the Plaintiff[.]" (Id., p. 3).

As Ramsey notes, the Magistrate Judge has – independently of Ramsey's motion – entered an order directing plaintiff to show cause why summary judgment should not be entered in Ramsey's favor on grounds set forth by the court. The undersigned will, after considering any response that plaintiff may file, make a recommendation to the District Judge regarding disposition of the claim at issue. While Ramsey might prefer that the court enter summary judgment in her favor "without further proceedings," Rule 56 does not allow this

---

[5] Ramsey argues, "Undersigned counsel is aware of the Order of the Magistrate Judge (Doc. 116) recognizing that based on the Record that the Plaintiff cannot establish her retaliation claim against Ramsey. Consequently, Plaintiff's failure to respond with additional facts to such Order will achieve the same result that Ramsey now seeks. Notwithstanding such, Ramsey requests the Court to take into account the facts in the Record as recognized by the Recommendation and to enter summary judgment in her favor without further proceedings." (Doc. # 118, pp. 1-2). While it appears from the *present* record that no such evidence exists, the court's show cause order does not presume that plaintiff cannot produce evidence of an EEOC charge preceding the transfer decision at issue.

course of action. Instead, it requires "notice and a reasonable time to respond" to the grounds raised by the court. Fed. R. Civ. P. 56(f).[6] As indicated in the court's recommendation – and as Ramsey appears to acknowledge in her objection – Ramsey failed to meet her burden of establishing her entitlement to summary judgment. Her objection is due to be overruled.

Accordingly, it is again the RECOMMENDATION of the Magistrate Judge:

(1) that plaintiff's motion for summary judgment (Doc. # 106) be DENIED as untimely;

(2) that defendant Lillian Baker's third motion for summary judgment (Doc. # 104) be GRANTED, and that summary judgment be entered in her favor on plaintiff's § 1983/§ 1981 retaliation claim;

(3) that the Board's third motion for summary judgment (Doc. # 102) be GRANTED and that summary judgment be entered in the Board's favor on plaintiff's § 1983/§ 1981 and Title VII retaliation claims; and

(4) that Johnson's and Ramsey's "Additional Motion for Summary Judgment" (Doc. # 101) be GRANTED as to plaintiff's § 1983/§ 1981 retaliation claim against defendant Johnson, and DENIED as to plaintiff's claim against defendant Ramsey.

The Clerk of the Court is DIRECTED to file this Supplement to the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties shall file any objections to this supplemental recommendation on or before August 29, 2012. Any

---

[6] The rule makes no exception to the requirement for notice and time to respond where it appears unlikely – or even impossible – that plaintiff can counter grounds for summary judgment identified by the court. See Fed. R. Civ. P. 56(f).

objections filed must identify specifically the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. See United States v. Schultz, 565 F.3d 1353, 1360 (11th Cir. 2009)(citing Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)).

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 16th day of August, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE