IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MARILYN BELTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:10CV814-MHT |
| | ) | |
| LALANYA ALMESHA RAMSEY, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The sole claim now remaining for resolution in this matter is plaintiff's 42 U.S.C. § 1983 claim alleging that defendant Ramsey, in violation of 42 U.S.C. § 1981, retaliated against plaintiff for filing EEOC charges. Rule 56 of the Federal Rules of Civil Procedure permits the court – after it has given notice and a reasonable time to respond – to "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed.R.Civ.P. 56(f)(3). By order entered on August 1, 2012 (Doc. # 116), the undersigned Magistrate Judge directed plaintiff to show cause why the court should not enter summary judgment in favor of defendant Ramsey pursuant to Fed. R. Civ. P. 56(f)(3).[1] Upon consideration of plaintiff's response (Doc. # 120) to the order, the court concludes that summary judgment should be entered in Ramsey's favor on plaintiff's

---

[1] Just prior to entering the show cause order, the undersigned Magistrate Judge had entered a recommendation that Ramsey's then-pending motion for summary judgment be denied. (Doc. # 115). Ramsey objected to this recommendation (Doc. # 118); however, on September 26, 2012, the District Judge overruled Ramsey's objection, adopted the recommendation, and denied Ramsey's motion for summary judgment. (Doc. # 123, 124). Accordingly, the issue identified in the court's show cause order is now ripe for resolution.

remaining retaliation claim.[2]

To establish a claim of retaliation under § 1981, a plaintiff must show that she suffered a materially adverse action that was causally related to her statutorily protected activity. Goldsmith v. Bagby Elevator Co., Inc., 513 F.3d 1261, 1277 (11th Cir. 2008). Plaintiff alleges that her protected activity consisted of filing three EEOC "complaints" and "claims" (Doc. # 42, p. 2 and ¶¶ 10, 11, 16); the alleged materially adverse actions are plaintiff's transfers "from high school to middle school, and, from teaching English to teaching Math-Study Skills" (id., ¶ 16).

In its show cause order, the court directed plaintiff's attention to the following material facts which appeared to be undisputed, based on the evidence then of record:

(1) Plaintiff's transfer from the high school to the middle school occurred in 2004. (See Doc. # 52, Exhibit O (authenticating affidavit of Alice Daniel), Exhibit E (plaintiff's May 12, 2004, letter to Baker requesting transfer to Russell County Middle School), and Exhibit F (Superintendent Lee's May 26, 2004 letter to plaintiff advising her that the Board had approved her transfer from "Drama Teacher at Russell County High School to English Teacher, Russell County Middle School")).

(2) Plaintiff had no involvement with defendant Ramsey before August 2006, when Ramsey became the principal of Russell County Middle School. (Belton depo., pp. 15, 27).

(3) Plaintiff's transfer from teaching English to teaching Math (or "Math-Study

---

[2] In its show cause order, the court explained the provisions of Rule 56 and advised plaintiff of her burden in responding to the order. (Doc. # 116).

Skills") occurred in August of 2006. (Belton depo., p. 15 ("[A]ugust of 2006, that's when Dr. Ramsey came to our school, in August of 2006. And I was on the eighth grade hallway, and she moved me... . [S]he just moved me from the eighth grade hallway from teaching English, to the seventh grade hallway teaching math. That was in 2006"); Doc. # 52, Exhibit A (plaintiff's March 20, 2007, EEOC charge, signed under penalty of perjury, stating that this transfer was effective by August 2006)).

(4) Plaintiff has filed three EEOC charges – in March 2007, in August 2007 and in March 2010. (Exhibits A, B, and C to Doc. # 52; Belton depo., pp. 71-80 (identifying the three EEOC charges as Exhibit 1 to Belton's deposition)). (See Doc. # 116, pp. 2-3).

The court advised plaintiff that this evidence, if undisputed, demonstrates that plaintiff cannot establish: (1) that defendant Ramsey took any action with regard to plaintiff's 2004 transfer from the high school to the middle school; or (2) that there is a causal relationship between plaintiffs EEOC charges and the adverse actions, as both transfers alleged to be "retaliatory in nature, due to the claims filed by the Plaintiff with the EEOC" (Second Amended Complaint, ¶ 16), occurred before plaintiff filed any EEOC charges at all, and more than a year before the first charge alleging race discrimination. (Doc. # 116, p. 3). In response to the material facts identified by the court, plaintiff states that: (1) she does not contend that her transfer from the high school to the middle school in 2004 was illegal; (2) all of the accusations she made against Ramsey "were rendered in compliance with her changing [plaintiff] from English to Math 2006"; (3) "[t]he chain of events started August 2006[,]" and

plaintiff signed her EEOC "complaints" on "February 28, 2007, July 17, 2007 and October 30, 2009"; and (4) Ramsey became principal in August 2006 and plaintiff "wrote the first complaint the following year February 2007." (See Doc. # 120).[3] Plaintiff does not contend and has not demonstrated that Ramsey was involved in plaintiff's transfer from the high school to the middle school or that plaintiff filed any of her EEOC charges prior to either of the transfers alleged to be in retaliation for such EEOC "claims" or "complaints." (Id.). Thus, plaintiff has failed to meet her Rule 56 burden of demonstrating the existence of a genuine dispute of fact regarding whether those transfers were causally related to her statutorily protected activity of filing EEOC charges. Evidence of such causation is required to establish plaintiff's § 1981 retaliation claim. See Goldsmith, 513 F.3d at 1277. The material facts identified by the court in its show cause order remain undisputed and demonstrate that plaintiff cannot prevail on her sole remaining claim against Ramsey.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that, pursuant to Fed. R. Civ. P. 56(f)(3), summary judgment be entered in favor of defendant Ramsey on plaintiff's 42 U.S.C. § 1983/§ 1981 retaliation claim.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate

---

[3] Plaintiff professes her "misunderstanding" about how her 2004 transfer from the high school to the middle school became a part of her lawsuit. (See Doc. # 120, p. 4 (numbered "3" erroneously)). However, as noted above, plaintiff's second amended complaint alleges expressly that "Defendant's illegal transfer[] of the Plaintiff from high school to middle school ... appear[ed] to be retaliatory in nature, due to the claims filed by the Plaintiff with the EEOC[.]" (Doc. # 42, ¶ 16).

Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before October 18, 2012. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 4th day of October, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE